IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *     CRIM. NO. CCB-20-017 |
| ROBERT HANKARD, | * |
| | * |
| Defendant. | * |
| | * |

**CONSENT MOTION FOR PROTECTIVE ORDER
REGARDING DISCLOSURE OF DISCOVERY MATERIALS**

The United States of America, by and through undersigned counsel, and with the consent of counsel for the Defendant, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of disclosed materials related to law enforcement internal affairs records (hereinafter, "IAD Records"). A proposed Protective Order is attached. In support of this motion, the government states as follows:

1. The government intends to call at trial several witnesses who are current or former law enforcement officers. The government has reviewed records maintained by the internal affairs divisions of the relevant law enforcement agencies. Although the government does not believe all such information to be *Giglio* material, it nevertheless wishes to make certain information and/or materials available to defense counsel for inspection (out of an abundance of caution).

2. The IAD Records contain non-public information about the officers in question. In order to balance the government's desire to make fulsome disclosures to defense counsel with the officers' privacy interests, the government is therefore seeking a protective order.

3. Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Fed. R. Crim. P. 16(d)(1).  There is good cause for a protective order here.  A protective order will enable to the government to disclose the IAD Records to defense counsel, while at the same time ensuring the privacy of the individuals referenced in these non-public documents.

4. Nothing in this motion or the proposed order, either by its submission or by defense counsel's agreement to it, constitutes an admission by either party as to the admissibility of such records.  In the event defense counsel does seek to use information contained in the IAD Records in Court, the Government may make a motion seeking to preclude such use.  The Court can then make a determination as to whether any disclosure of information contained of the IAD Records is warranted for use during cross-examination.

WHEREFORE, the government, with the consent of the Defendant, respectfully requests that the motion for a protective order be granted.  A proposed protective order is attached.

Respectfully Submitted,

Erek L. Barron
United States Attorney

By: _____
Christopher M. Rigali
Assistant United States Attorney