## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIM. NO. CCB-20-017** |
| **ROBERT HANKARD,** | * | |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*

### JOINT PROPOSED VOIR DIRE QUESTIONS

The United States of America, by its undersigned attorneys, and counsel for the defendant, requests that the following interrogation of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure:

\* \* \* \* \*

Ladies and Gentlemen, the case for which a jury is now being selected is a criminal case against the defendant, Robert Hankard, who is charged by indictment with committing various federal crimes.  As I will instruct you later, an indictment is simply a formal way of charging someone with a crime and it is not evidence of guilt; indeed, criminal defendants are presumed innocent unless and until proven guilty beyond a reasonable doubt.  In this case, Mr. Hankard denies the charges set forth against him in the indictment.

In this case, the defendant, who was a police officer with the Baltimore Police Department at all times relevant to the Superseding Indictment, is alleged to have engaged in certain conduct in connection with his employment as a police officer that constituted federal crimes.  First, the indictment alleges that the defendant, on March 26, 2014, provided a BB-gun to two other Baltimore Police Department officers, Keith Gladstone and Carmine Vignola, who then planted the BB-gun at a scene where yet another officer, Wayne Jenkins, had hit a civilian, Demetric

1

Simon, with his vehicle.  The indictment alleges that the defendant later agreed with Gladstone and Vignola to lie to a federal grand jury about the BB-gun planting episode.  Second, the indictment alleges that, in March of 2015, the defendant and several other officers entered into an apartment on Falls Road in Baltimore prior to obtaining a warrant; the indictment alleges that the defendant later made false statements or omissions in a search warrant affidavit and police reports about what the officers had done.  Third, the indictment alleges that, in September of 2015, members of the defendant's police unit searched a particular room at the Motel 6 on Bloomfield Avenue in Baltimore, and then Officer Keith Gladstone, with the defendant's agreement, planted drugs in a suspect's vehicle in the motel parking lot; the indictment alleges that the defendant later made false statements or omissions in a search warrant affidavit and police reports about what the officers had done.

In connection with these events, the defendant is charged with (1) conspiracy to obstruct justice and to make false statements before a grand jury; (2) conspiracy to deprive civil rights; (3) two counts of destroying, altering, or falsifying records in federal investigations; and (4) making false declarations before a grand jury.  The defendant denies these allegations and has pleaded Not Guilty to all charges.

I am now going to ask a series of questions that can be answered by Yes or No.  Please note your responses to each of the questions on the materials that have been provided to you.  When all of the questions have been asked, I will then ask each juror with an affirmative answer to one or more questions to approach the bench to discuss your answers out of the presence of other members of the jury panel.  When you approach the bench, identify yourself by juror number only.

It is estimated that the trial of this case will take one week, during which the Court will be in session from 9:30 a.m. to _____ p.m.

**<u>Knowledge of Case/Parties/Other Matters</u>**

1.      Do you know, or have you had any dealings with, the defendant, Robert Hankard, or any of his friends, associates, or family members?

2.      Do you know, or have you had any dealings or association with, any of the following persons or members of their families:

      (a)      Counsel for the United States of America, Assistant United States Attorneys Leo Wise and Christopher Rigali?

      (b)      The law enforcement officers who worked on or are working on this case: Task Force Officers Jared Stern, Evan Zimrin, or Brian Patterson?

      (c)      Counsel for Mr. Hankard, attorneys David Benowitz and Rammy Barbari?

      (d)      Me (Judge Blake) as a judge or at any other time, or any of my staff?

      (e)      Any other jury panel members?

      (f)      The following people who may be witnesses in the case or who may be mentioned by various witnesses (**a list of names will be provided before jury selection**):

3.      Do you know the United States Attorney for the District of Maryland, Erek L. Barron, any of the Assistant United States Attorneys in that office, or any other employees of the United States Attorney's Office here in Maryland?

4.      Do you know the Federal Public Defender, James K. Wyda, any of the federal public defenders, or any other employees of the Federal Public Defender's Office?

5.      Do you know anyone who works in this courthouse in any capacity?

6.      Have you read or heard anything about this case or the defendant from any source whatsoever?

      (a) What was the nature of what you heard or saw?

(b) Have you formed any impression or opinion at all as to the merits of this case?

**<u>Law Enforcement/Law School/Lawyer and Judicial Affiliations</u>**

7.      Have you, any member of your family, or any of your close friends ever been employed by any prosecutor's office or law enforcement agency, local, state or federal, or applied for a position with any prosecutor's office or law enforcement agency?  If so, what agency, what position, and when?

8.      Have you, any member of your family, or any of your close friends ever worked for a private agency or company with police, security, or investigative functions, such as a private investigative firm, or a company that provides security services?  If so, what company, what position, and when?

9.      Have you, any family member, or any of your close friends ever been employed by a public defender's office, whether state or federal, a private criminal defense attorney, or any other entity that provides services to persons charged with or convicted of a crime?  If so, what agency, what position, and when?

10.     Have you, any family member, or any of your close friends ever been employed by a state or federal court or a court-related agency such as a Sheriff's Office, Clerk's Office, Probation and Parole Office, United States Marshal's Office, Pretrial Services, or bail agency or similar department or organization?  If so, what agency, what position, and when?

11.     Are you, any family member, or any of your close friends related to any judge, law clerk, or court personnel?  If so, please elaborate.

12.     Have you, any member of your family, or any of your close friends ever attended a law school, taken a paralegal course, received legal education or training of any kind, or worked with a lawyer, law firm, in a courthouse, or as a paralegal, legal secretary, or private investigator?

13.     Are you presently a party in any case pending in this or any other federal or state court?  If so, follow-up at the bench regarding the court, the nature of case, plaintiff or defendant status.

14.     Have you, any member of your family, or any of your close friends ever been involved in any legal dispute with any federal, state, or local government, or any agency thereof, including but not limited to the Baltimore Police Department, the Department of Justice, the Internal Revenue Service, or the FBI?  If yes, follow-up at the bench regarding the nature of the dispute?

15.     Does any department or agency of the Government, including but not limited to the IRS, have a claim against you, any member of your family, or any of your close friends?

16.     Have you, any member of your family or any of your close friends ever had dealings with, or been in a dispute with one of these law enforcement agencies or any of their employees?

17.     Has anyone had a negative experience with, or does anyone have negative feelings toward, or have any reservations or opinions about prosecutors or the U.S. Department of Justice?

18.     Has anyone had a negative experience with, or does anyone have negative feelings toward, or have any reservations or opinions about law enforcement officers, including officers and agents of the Baltimore Police Department and the FBI?

19.     Do you have any reservations about the Baltimore Police, the FBI, or any other law enforcement agency which would interfere in any way with your ability to judge the evidence fairly and impartially?

20.     Has anyone had a positive experience with, or does anyone have positive feelings or opinions about law enforcement officers, including officers and agents of the Baltimore Police Department and the FBI?

21.     Has anyone had a negative experience with, or does anyone have negative feelings toward, or have any reservation or opinions about defense attorneys, or others employed in criminal defense work?

22.     Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

23.     During this trial, a number of the witnesses called by the government may be state or federal law enforcement officers.  Would any juror tend to give greater weight or lesser weight to the testimony of such a witness merely because he or she is a law enforcement officer?

24.     Would you tend to give more or less weight to the testimony of a witness called by the prosecution?

25.     Would you tend to give more or less weight to the testimony of a witness called by the defense?

26.     Does anyone on the panel believe the judicial system in general is unfair or that federal laws in general punish too harshly or too leniently?

27.     Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the reduction or increase in prison sentences? (*The Defendant objects to the inclusion of this question as too broad.*)

### Victim/Witness of Crime/Moral and Philosophical Objections, Generally

28.     Have you, any member of your family, or any of your close friends ever been the victim of a crime?

29.     Have you, any member of your family, or any of your close friends ever been charged, arrested, or accused of criminal conduct or ever been the subject of a criminal

investigation, whether it be federal, state, or local?  This includes serious traffic offenses, DUI or DWI, and drug possession, among other things.

30.    Have you, any member of your family, or any of your close friends ever been a witness to a crime?

31.    Have you, any member of your family, or any of your close friends ever been a witness for the prosecution or the defense in a criminal case?

QUESTIONS AT BENCH FOR QUESTIONS 28 through 31:

    (a)  How long ago?

    (b)  What was the nature of that experience?

    (c)  How was the matter resolved?

    (d)  How did you feel about the police officers' treatment of the matter?

    (e)  Do you hold any animosity toward the government (including prosecutors) or against any police officers as a result?

    (f)  Do you hold any animosity toward any defense attorneys or anyone working on behalf of defense attorneys as a result?

32.    Do you have any opinions, religious or moral beliefs, philosophies, or prejudices that would prevent you from judging the conduct of another person?

**Prior Jury Service/Experience**

33.    Have you ever served on a grand jury in either state or federal court?  If so, did anything happen during your service as a grand juror that would influence you in any way in this case?

34.    Have you ever served as a juror in a criminal case in either state or federal court? If so:

    (a)    In what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial?

7

(b)     Do you believe the case was fairly decided?

(c)     Did anything happen during the course of your jury service that would influence you in any way in this case?

### Ability To Follow Juror Instructions

35.     The Court will instruct you that an indictment is merely an allegation and is not proof of anything.  Do any of you believe that simply because a defendant has been arrested or charged with a crime the defendant is guilty?

36.     Under our Constitution, there is a presumption that every person charged with a criminal offense is presumed innocent unless and until proven guilty beyond a reasonable doubt. Would you have any difficulty in applying this presumption?

37.     If selected to serve as a juror in this case, you will be instructed that you are not to consider punishment as that is for the Court to decide.  You are not to speculate whatsoever about what the possible punishment in this case might be if any of the defendants are found guilty of any of the offenses with which they are charged.  Would any member of the panel be **<u>unable</u>** to put any consideration of punishment out of your mind and consider only the facts of the case based on the evidence introduced?

38.     At the end of this trial, I will instruct you on the law which must be followed in this case.  Even if you personally did not agree with the law as I describe it to you, is there anyone who would hesitate—or who would be unwilling or unable—to follow my instructions on the law?  If you have an opinion on what the law should be, and your opinion was different from my instructions on what the law is, would anyone hesitate—or be unwilling or unable—to follow my instructions on the law?

39.     Jurors will be instructed that they may not research anything about the case on the

8

internet or elsewhere, and that they must avoid any reports or information about the case or the trial in the media, on the internet or on social media.  Would you be able to obey such an instruction during the course of the trial?

40.     The burden rests with the prosecution to prove the charged offenses beyond a reasonable doubt.  Under the law, a defendant in a criminal case is not required to explain his or her side of the case and has an absolute right not to testify.  Do any of you not understand those principles or have any problem applying them?

41.     If it should come to pass, after you have heard all the evidence, the arguments of the lawyers, and my instructions on the law, that you are persuaded that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty.  Is there anyone who feels that they would be unable to carry out that duty?

42.     On the other hand, if after you have heard all of the evidence, the arguments of the lawyers, and my instructions on the law, if you then have a reasonable doubt as to the defendant's guilt on a specific charge or charges, then it would be your duty to vote not guilty on the charges to which you have a reasonable doubt.  Is there anyone who feels that they could not carry out this responsibility

43.     To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be unanimous.  It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  If selected, do you believe you would have any trouble engaging in this deliberative process that I've described?

44.     Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

## **Regarding Availability and Ability to be a Juror**

45.     Do you have any impairment of your vision or hearing that might make it difficult for you to see and hear the witnesses during the trial?

46.     Do you have any difficulty understanding the English language to the extent that it would prevent you from following the testimony in this case?

47.     Are you presently taking any medication that might make you unable to give your full attention to the evidence presented?

48.     Do you suffer from any physical or mental illness or condition or receiving counseling for issues that would affect your ability to serve as a juror in this case for any reason?

49.     Do you have any personal, family, or other considerations that would make it difficult for you to serve as a juror during these dates and times?

50.     Do you have anything else you wish to bring to my attention regarding your possible service as a juror in this case about which I have not already asked you?

51.     Is there any juror who is not a citizen of the United States and a resident of the State of Maryland?


Respectfully submitted,

Erek L. Barron
United States Attorney


Leo J. Wise
Christopher M. Rigali
Assistant United States Attorneys
District of Maryland

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing Joint Proposed Voir Dire

was electronically filed via CM/ECF which provides notice to counsel of record.

Christopher M. Rigali
Assistant United States Attorney