IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **CRIM. NO. CCB-20-017** |
| **ROBERT HANKARD,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

Upon consideration of the Consent Motion for a Protective Order, it is hereby ordered that:

1. **Protected Information.** For purposes of this Protective Order, "Protected Information" means any law enforcement agency internal affairs files or summaries thereof—hereinafter, Protected Information or IAD Records—produced to defense counsel, regardless of the manner or method the information is communicated.

2. **Access to and Use of Protected Information.** The Defendant and his counsel may use the Protected Information only for purposes of this litigation and may not copy or disclose the Protected Information to anyone not directly involved in this proceeding.

3. **Use of Protected Information in Court Filings and Open Court.** The procedures for use of the Protected Information during any potential hearing or potential trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose the Protected Information in open Court without prior consideration by the Court. No party shall file documents containing the Protected Information with the Court or reproduce the Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

4. **Filing of documents.**  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

5. **Maintenance and Storage of Protected Information.**  Counsel for the Defendant shall maintain such Protected Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, or use of such information.

6. **Disposition of Protected Information.**  After the case is resolved, including any appeal, counsel for the Defendant may retain in their files one copy of any work product containing Protected Information.

7. **Modification Permitted**.  Nothing in this Order shall prevent any party form seeking modification of this Protective Order.  The party seeking modification must first discuss any proposed modifications with opposing counsel.

8. **No Ruling on Discoverability or Admissibility.**  This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper.  Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

9. **Unauthorized Disclosure.**  Should any Protected Information be disclosed in a manner not authorized by this Protective Order by the Defendant, counsel or others, then defense counsel shall use their best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform counsel for the government in writing of the unauthorized disclosure and identify the recipient.

10. **Sanctions for Unauthorized Disclosure.** The parties shall use their best efforts to confer with the opposing counsel with regard to this Order before seeking relief from the Court. Neither party shall move for the imposition of sanctions pursuant to Rule 16(d)(2) without providing the other party with notice at least 3 business days in advance.

11. **Nontermination.** This Order shall survive the termination of this case and shall continue in full force and effect thereafter.

| | |
|---|---|
| _3/28/2022_ | _____/s/_____ |
| Date | Honorable Catherine C. Blake |
| | United States District Judge |